UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., HERBILICIOUS MUSIC, LIT UP MUSIC, and CHAPPELL-CO, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> J & B CONCEPTS, LLC and JEAN-PIERRE KOSSISYAN, <br><br> Defendants. | Civil Action No. <br><br><br> **COMPLAINT** |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant J & B Concepts, LLC ("JBC"), is a limited liability company organized under the laws of North Carolina, with a principal place of business located at 15060 Idlewild Road, Suite I, Matthews, North Carolina.

6. At all times hereinafter mentioned JBC did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Moochies Tavern, located at 15060 Idlewild Road, Suite I, Matthews, North Carolina.

7. Musical compositions were and are publicly performed at Moochies Tavern.

8. On information and belief, defendant Jean-Pierre Kossisyan ("Kossisyan" and, together with JBC, the "Defendants") is an individual who resides or does business in this District.

9. On information and belief, Kossisyan is a member, officer and/or owner of JBC.

10. At all times hereinafter mentioned, Kossisyan was, and still is, responsible for the control, management, operation, and maintenance of the affairs of JBC.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Moochies Tavern, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Moochies Tavern.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. Going back several years, ASCAP representatives have made more than 55 attempts to contact the Defendants. ASCAP's representatives have contacted the Defendants or their representatives in person, and also via mail, telephone, and email.

17. Defendants have refused all of ASCAP's license offers for Moochies Tavern.

18. ASCAP's various communications gave Defendant notice that unlicensed performances of ASCAP's members' musical compositions at Moochies Tavern constitute infringement of ASCAP's members' copyrights in their musical works.

19. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members Moochies Tavern, including the copyrighted works involved in this action, without permission, during the

hours that the establishment is open to the public for business and presenting musical entertainment.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Moochies Tavern, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Moochies Tavern of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants, or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Moochies Tavern include the performances of the three copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Moochies Tavern, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Respectfully submitted this 6th day of June, 2023.

/s/ *Michael J. Allen*
Michael J. Allen
N.C. State Bar No. 18030
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth Street
PO Box 540
Greensboro, NC 27401
(336) 379-8651
mja@crlaw.com
*Counsel for Plaintiffs*

## Schedule A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Cause of Action** | **Plaintiff** | **Musical Composition** | **Writers** | **Date of Publication** | **Certificate of Registration Number** | **Date of Known Infringement** |
| 1. | W CHAPPELL MUSIC CORP. dba WC MUSIC CORP.<br><br>HERBILICIOUS MUSIC | PONY | Timothy Z. Mosley<br><br>Stephen E. Garrett<br><br>Elgin B. Lumpkin | August 20, 1996 | PA 865-915 | February 18, 2023 |
| 2. | LIT UP MUSIC | CRAZY BITCH | Keith E. Nelson<br><br>Joshua L. Todd | November 29, 2005 | PA 1-163-715 | February 18, 2023 |
| 3. | CHAPPELL-CO, INC. | GYPSY ROAD | Thonas Carl Keifer | July 5, 1988 | PA 381-506 | February 18, 2023 |